113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmundo Ramon ANDRADE, Petitioner-Appellant,
v.
Charles GOLDSMITH; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 96-16918.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 14, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edmundo Ramon Andrade, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. He contends the district court erred when it denied his cruel and unusual punishment claim as procedurally barred and, alternatively, as meritless. We review de novo. See Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 
 3
 In 1989, Andrade admitted the truth of two prior felony convictions and pleaded guilty to two counts of theft. The plea agreement, inter alia, provided for: a maximum of twenty years on each count to run concurrently; ineligibility for parole until two-thirds of the sentence was served; and restitution not to exceed $250,000. In exchange for his plea, the State agreed to dismiss two counts of theft and dismiss another indictment. Andrade was sentenced to a total term of twenty years and ordered to pay $250,000 in restitution. He did not appeal.
 
 
 4
 In 1993, Andrade filed a state post-conviction petition, contending that his sentence was cruel and unusual. The trial court ruled that the claim was precluded because Andrade had failed to raise it on appeal and, in the alternative, denied the claim on its merits. The state appeals court and state supreme court denied review.
 
 
 5
 In his section 2254 petition, Andrade contended that his sentence for nonviolent offenses was cruel and unusual under Solem v. Helm, 463 U.S. 277 (1983) (life sentence without possibility of parole for seventh nonviolent felony, passing $100 no-account check, cruel and unusual punishment). The district court denied the claim as procedurally barred and, alternatively, as meritless.
 
 
 6
 Even if Andrade could establish cause for his procedural default, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), we would be constrained to reject his cruel and unusual punishment claim as meritless, see Rummel v. Estelle, 445 U.S. 263, 284-85 (1980) (life imprisonment under state recidivist statute for property crime not cruel and unusual when prisoner eligible for parole after twelve years); see also Cocio v. Bramlett, 872 F.2d 889, 893 (9th Cir.1989) (the absence of the possibility of parole in Solem distinguishes Solem from Rummel ).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3